# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF FLORIDA
# FT. LAUDERDALE DIVISION

UNITED STATES SURETY
COMPANY

    Plaintiff,

Vs.

STRUCTURAL INTEGRITY
CONTRACTORS, INC.;
MICHAEL BRANDT PM, LLC;
SHARON BRANDT

    Defendants.

_____/

Civil Case no.:

## UNITED STATES SURETY COMPANY'S COMPLAINT

COMES NOW United States Surety Company ("USSC" or "Plaintiff"), by and through its undersigned counsel, and files this its Complaint for Breach of Contract and Indemnification against Structural Integrity Contractors, Inc. ("SIC") and Michael Brandt PM, LLC ("MBPM") as corporate indemnitors, and Sharon Brandt, individually, (collectively referred to as the "Defendants"), and in support thereof shows the Court as follows:

## NATURE OF THE ACTION

1.

In this action, USSC files alleges breach of contract, specific performance, exoneration and common law indemnity to recover its losses arising out of performance and payment bonds issued on behalf of SIC, a general contractor.

## PARTIES AND JURISDICTION

2.

Plaintiff is a corporation organized and existing pursuant to the laws of the State of Maryland, with its principal place of business located at One Texas Station Court, Suite 230, Timonium, Maryland.  Plaintiff is licensed and duly authorized to conduct business in Florida.

3.

Defendant SIC maintains a registered office in Broward County, Florida; is incorporated in Florida; and maintains its principal place of business in Florida.  SIC may be served via its registered agent Michael Brandt, at 3800 N. 45th Avenue, Hollywood, Florida 33021.

4.

Defendant MCPM maintains a registered office in Broward County, Florida; is incorporated in Florida; and maintains its principal place of business in Florida.

SIC may be served via its registered agent Bryn Usher, P.A., 18851 NE 29th Ave., Suite 1010, Aventura, Florida 33180.

5.

Defendant Sharon Brandt is a citizen of the state of Florida and resides in Florida and is subject to the jurisdiction of this court. Sharon Brandt may be served at 3800 N. 45th Avenue, Hollywood, Florida 33021.

6.

This Complaint for Breach of Contract and Indemnification is based upon an agreement of indemnity and losses suffered in connection with performance and payment bond nos. 1001039419; 1001039413; and 1001039421.

7.

Jurisdiction is proper in this Court. This Court possesses original jurisdiction over USSC's Complaint for Breach of Contract and Indemnification pursuant to 28 U.S.C. §1332(a) because the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs and the matter in controversy is between citizens of different states.

8.

Venue is proper in this Court pursuant to 28 U.S.C. §90(a) and 28 U.S.C. §1391(b)(1) because Defendants reside and are domiciled within the Southern District of Florida.

## BACKGROUND

9.

On or about October 23, 2015, Defendant SIC executed a General Agreement of Indemnity ("Indemnity Agreement") for the benefit of USSC (sometimes referred to as "Surety"). A true and correct copy of the Indemnity Agreement is attached hereto as Exhibit "1".

10.

On or about October 23, 2015, Defendant MBPM executed the Indemnity Agreement. A true and correct copy of the Indemnity Agreement is attached hereto as Exhibit "1".

11.

On or about October 23, 2015, Defendant Sharon Brandt executed the Indemnity Agreement. A true and correct copy of the Indemnity Agreement is attached hereto as Exhibit "1".

12.

Under the provisions of Paragraph III of the Indemnity Agreement, the Defendants, jointly and severally, agreed to:

> Indemnify, keep indemnified, reimburse and save and hold the Surety harmless from and against any and all demands, liabilities, losses, costs, damages, attorneys' fees and expenses . . . of any kind . . . which the Surety may sustain or incur or which arise by reason of or in any manner in consequence of, no matter how remotely, and one or more of the

following:  the execution or procurement by the Surety of any Bond . . . ."

13.

Further, under the provisions of paragraph XI(A) of Indemnity Agreement the Defendants jointly and severally agreed that:

"[i]f any claim is made against the Surety by any subcontractor, supplier, obligee or other person under any Bond, whether such event or claim shall be disputed . . .  Principal and Indemnitor shall immediately deposit with the Surety money, securities, or other collateral in any amount, value, form, and source as may be designated by and acceptable to the Surety in its sole and absolute discretion."

14.

In partial consideration for, and in reliance upon Defendants' execution of the aforementioned Indemnity Agreement, USSC as surety did issue the following Payment and Performance Bonds ("Bonds") identified by project name ("Project") and obligee:

| Project Name | Obligee | Bond No. | Penal Limit |
|---|---|---|---|
| Concrete restoration at Spiaggia Condominium | Spiaggia Ocean Condominium Ass'n, Inc. | 1001039421 | $328,560.00 |
| Scope of Work Exhibit B – the Association for The Plaza of Bal Harbour Condominium | The Association for The Plaza of Bal Harbour Condominium, Inc. | 1001039413 | $912,950.00 |

| Garage Concrete Restoration, Waterproofing, and Painting – Arlen East House Condos, Sunny Isles Beach, Fla. | Arlen House East Condominium Ass'n, Inc. | 1001039419 | $1,104,500.00 |

A true and accurate copy of the above-referenced Payment and Performance Bonds are attached hereto as Exhibit "2."

15.

USSC has received claims on the above-referenced Bonds. Claims have been asserted against the above-referenced Bonds. USSC has paid or will pay valid claims against on the above-referenced Bonds. USSC is subrogated to the rights of these claimants and is therefore entitled to recover from Defendants said payments. USSC hereby asserts these rights against the Defendants. To date USSC's loss for claims paid on the Bonds amounts to no less than $972,196.15

16.

Pursuant to the Indemnity Agreement, USSC has demanded and hereby demands that the Defendants indemnify USSC under the terms of the Indemnity Agreement and to immediately deposit with USSC collateral security for any potential exposure. The Defendants have failed and refused to indemnify or to deposit collateral security as required under the Indemnity Agreement. A true and

accurate copy of the demand letter sent by USSC to the Defendants is attached as Exhibit 3.

17.

In addition to the claims paid as described in paragraph 15 above, USSC has incurred and will continue to incur in the future substantial costs and expenses, including, without limitation, attorney's fees, accountant's fees, and consulting fees in investigating and resolving claims made under the Bonds issued by USSC on SIC's behalf. Pursuant to the terms of the Indemnity Agreement, the Defendants are responsible, jointly and severally for payment of these costs and expenses. To date the costs and expenses under the Bonds amounts to no less than $271,074.02.

**COUNT I – SPECIFIC PERFORMANCE OF INDEMNITY AGREEMENT**

18.

USSC incorporates by reference the allegations set forth in Paragraphs 1 through 17 of this Complaint and realleges same as if fully set forth herein.

19.

The Defendants entered into the Indemnity Agreement under which Defendants agreed to indemnify USSC for all liabilities, costs and expenses arising by virtue of the Bonds.

20.

Demands have been asserted against the Bonds. These demands have led to the losses described above. USSC has incurred and continues to incur losses on the Bonds as a result of the claims on the Bonds. USSC anticipates the possibility of further demands and claims being made on the Bonds.

21.

The Defendants have failed and refused to honor their obligations under the Indemnity Agreement.

22.

To date, USSC has incurred expenses and fees and expects in the future to incur additional charges, expenses, costs and fees under the Bonds for which it is entitled to indemnification and reimbursement under the Indemnity Agreement.

23.

Under the Indemnity Agreement, the Defendants are liable to USSC for all losses, costs, fees and expenses, including consultant and attorneys' fees, which have been incurred and/or will be incurred by in the future in connection with the Indemnity Agreement, the Bonds, and the Projects.

24.

USSC is entitled to specific performance of all its rights and the Defendants obligations under the Indemnity Agreement including, without limitation,

exoneration, indemnification and collateral deposit requirements and the Defendants are required to specifically perform all such obligations. USSC has and hereby demands such specific performance by Defendants.

## COUNT II – BREACH OF INDEMNITY AGREEMENT

25.

USSC incorporates by reference the allegations set forth in Paragraphs 1 through 17 of this Complaint and realleges same as if fully set forth herein.

26.

Pursuant to the Indemnity Agreement, the Defendants are liable to USSC in the amount of all losses incurred as a result of, or in consequence of, the issuance of the Bonds.

27.

Demand has been made and is hereby made upon the Defendants to pay monies, costs, expenses and/or attorneys' fees under the Bonds.

28.

USSC has previously and hereby demands indemnification and collateral security pursuant to the terms of the Indemnity Agreement from the Defendants for all sums, including costs and attorneys' fees, expended or to be expended by USSC under the Bonds as a result of Defendants actual and/or alleged default of its obligations.

29.

The Defendants have failed and refused to honor their obligations under the Indemnity Agreement to make payment pursuant to the Indemnity Agreement, and to protect USSC from liability and loss in connection with the issuance of the aforementioned Bonds, and to deposit collateral security with USSC pursuant to the terms of the Indemnity Agreement.

30.

The Defendants' failure to make the foregoing payments as required under the Indemnity Agreement constitutes a breach of the Indemnity Agreement and as a direct proximate result of said breach USSC has incurred damages and liability.

31.

All conditions precedent to USSC's right to indemnification and collateral security have been performed, waived, satisfied or otherwise excused by the Defendants.  Due to Defendants' breach, USSC is entitled to damages.

**COUNT III – EXONERATION**

32.

USSC incorporates by reference the allegations set forth in Paragraphs 1 through 17 of this Complaint and realleges same as if fully set forth herein.

33.

USSC will be secondarily liable for all pending and/or future valid claims asserted against the aforementioned Bonds wherein SIC is the principal.

34.

Under the equitable doctrine of exoneration, USSC is entitled, without first paying out any of its own funds, to require Defendants to discharge their obligations under the Indemnity Agreement for exoneration.

35.

If Defendants are not required to satisfy demands and/or claims already made or made in the future, USSC will be forced to incur further expenses.

**COUNT IV - COMMON LAW INDEMNITY**

36.

USSC incorporates by reference the allegations set forth in Paragraphs 1 through 17 of this Complaint and realleges same as if fully set forth herein.

37.

USSC is entitled to collateral security and to be indemnified by the Defendants, jointly and severally with respect to the Projects and the losses suffered by USSC under the Bonds.

38.

The Defendants are in breach of their common law indemnity obligations to USSC.

39.

As a result of the Defendants' failure as aforesaid, USSC has and continues to be damaged thereby.

**COUNT V – OTHER AND FURTHER RELIEF**

40.

USSC incorporates by reference the allegations contained in Paragraphs 1 through 17 of this Complaint and realleges same as if fully set forth herein.

41.

USSC prays for the Court to grant relief Quia Timet, and any and all other equitable relief that it believes just and proper. Further, USSC respectfully requests that:

1. That the Defendants be ordered to allow USSC's representative to inspect all financial and business records to determine the status of Defendants' business and finances, to be deposed by USSC's counsel immediately on the same subjects;

2. That the Defendants be ordered to post collateral pursuant to the Indemnity Agreement;

3. That the Defendants be ordered not to sell, transfer or dispose of any assets that may be used to satisfy their indemnification obligation; and

4. All other immediate remedies the Court may believe just and proper.

WHEREFORE, USSC prays that it has the following relief:

(a) That, as to Count I, Defendants be ordered to specifically perform the following pursuant to the Indemnity Agreement:

    (i.) Comply with the collateral deposit requirement of the Indemnity Agreement;

    (ii.) Exonerate USSC; and

    (iii.) Indemnify USSC in an amount no less than $1,243,270.17;

(b) That, as to Counts II, III, IV, and V, this Court enter judgment against Defendants in favor of USSC in an amount no less than $1,243,270.17, plus interest, costs and attorney's fees;

(c) That USSC be awarded all costs of this action, including attorneys' fees and such other relief as the Court may deem just and proper.

Respectfully submitted, this 11th day of May, 2021.

THOMPSON LAW GROUP, LLC

*/s/ DeWitte Thompson*
DeWitte Thompson
Fla. Bar No: 215686

*Attorney for Plaintiff*

3325 Paddocks Parkway
Suite 355
Suwanee, GA 30024
T: (770) 662-5999
F: (770) 447-6063
Email : dthompson@thompsonlawatl.com