UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 21-61001-CIV-SMITH/HUNT

UNITED STATES SURETY COMPANY,

Plaintiff,

vs.

STRUCTURAL INTEGRITY
CONTRACTORS, INC., et al.,

Defendants.

______________________________/

**REPORT AND RECOMMENDATION**

THIS CAUSE comes before the Court on Plaintiff United States Surety Company's ("Plaintiff") *Ex Parte* Motion for Issuance of Post-Judgment Writ of Garnishment directed to Garnishee Sharon Levi Brandt LLC, ECF No. 47; *Ex Parte* Motion for Issuance of Post-Judgment Continuing Writ of Garnishment directed to Garnishee Sharon Levi Brandt LLC, ECF No. 48; *Ex Parte* Motion for Issuance of Post-Judgment Writ of Garnishment on Synergy Realty of South Florida, Inc., ECF No. 49; *Ex Parte* Motion for Issuance of Post-Judgment Continuing Writ of Garnishment for Salary or Wages directed to Garnishee Synergy Realty of South Florida, Inc., ECF No. 50. The Honorable Rodney Smith, United States District Judge, referred this Motion to the undersigned United States Magistrate Judge for appropriate disposition. ECF No. 51; *see also* 28 U.S.C. § 636(b); S.D. Fla. L.R., Mag. R. 1. The undersigned, after having reviewed the Motions, the record, and being otherwise fully advised in the premises, hereby RECOMMENDS that the Motions be GRANTED.

In December 2022, this Court entered a final default judgment in favor of Plaintiff against Defendants Structural Integrity Contractors, Inc.; Michael Brandt PM, LLC; and Sharon Brandt (collectively, "Defendants"). ECF No. 40. That judgment was in the amount of $1,251,790.39 in damages. *Id.* Plaintiff represents that, to date, the judgment remains unsatisfied. Now, Plaintiff moves for post-judgment writs of garnishment pursuant to Chapter 77 of the Florida Statutes and Federal Rule of Civil Procedure 69. ECF Nos. 47; 48; 49; 50. The writs of garnishment are directed to Sharon Levi Brandt LLC and Synergy Realty of South Florida, Inc. *Id.*

Under the Florida statutes governing garnishment proceedings, "a person who has recovered a judgment in any court against any entity has a right to a writ of garnishment." *Fresenius Vascular Care, Inc. v. Vasudeva*, No. 8:21-CV-1474-VMC-JSS, 2023 WL 4947918, at *1 (M.D. Fla. Aug. 3, 2023) (citing Fla. Stat. § 77.01). Additionally, "[p]ost-judgment writs of garnishment may be issued ex parte and without notice to the judgment debtor." *Orso as trustee to Bell v. Alexis*, No. 21-60251-CIV-SINGHAL/VALLE, 2022 WL 2340960, at *2 (S.D. Fla. May 9, 2022) (citation omitted). Here, it appears that Plaintiff's proposed writs of garnishment comply with Florida law. Accordingly, the Motions should be granted.

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully RECOMMENDS that Plaintiff's Motions for Issuance of Post-Judgment Writs of Garnishment, ECF Nos. 47; 48; 49; 50, be GRANTED. The Clerk of Court should be directed to issue the writs of garnishment using the proposed writs of garnishment attached to the Motions. ECF Nos. 47-1; 48-1; 49-1; 50-1.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2018); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE and SUBMITTED** in Chambers in Ft. Lauderdale, Florida, on this 26th day of August 2026.

PATRICK M. HUNT
CHIEF UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Rodney Smith
All counsel of record